### B. M. FELLOWS v. J. L. DOWD AND W. R. CLEGG.

(Filed 16 November, 1921.)

**1. Deeds and Conveyances—"Color"—Adverse Possession—Evidence—Chain of Title.**

Where plaintiff shows title by *mesne* conveyances of land in question from a State grant, with evidence of possession, and defendant claims under a prior grant from the State, without connecting himself therewith with only evidence of three years possession, it is insufficient to ripen the defendant's title, and an instruction to the jury to that effect saying it would require seven years adverse possession, etc., under color, is correct.

**2. Deeds and Conveyances—"Color"—Adverse Possession—Evidence.**

Where the defendant claims title to land by seven years adverse possession under "color," evidence alone that he had a boiler and engine on ten acres of the land at some indefinitely stated length of time, for the purpose of pumping water through pipes to a sawmill on an adjoining tract, is too indefinite to ripen his title.

**3. Appeal and Error—Objections and Exceptions—Harmless Error—Result of Trial—Evidence—Questions and Answers.**

Exception to evidence that could not affect the result of the trial, or to questions without showing what the answers would be, are untenable on appeal.

APPEAL by defendant from *Ray, J.,* at the May Term, 1921, of MOORE.

Action to remove a cloud from plaintiff's title, and for general relief. On issues joined, there was verdict for plaintiff. Judgment, and defendant excepted and appealed.

*H. F. Seawell for plaintiff.*
*L. B. Clegg for defendant.*

PER CURIAM. We have carefully considered the record and find no valid reason for disturbing the results of the trial. On the issue as to title, plaintiff offered in evidence a grant to Lewis Grimm of date 16 December, 1881, and *mesne* conveyances from the grantee to plaintiff with evidence tending to show that the grant included the land in con-

troversy and continuous possession of plaintiff and those under whom he claimed, with assertion of ownership under his deed, etc., and deeds to the time of trial.

Defendant, claiming title, offered evidence tending to show that the land granted to said Grimm in 1881 was included in an older grant to David Allison, of date in 1796, and also a deed from one John McLeod to Josiah Wallace, of date 26 November, 1852, registered on 26 August, 1886, covering 10 acres of land, lying within the boundaries of plaintiff's deeds and *mesne* conveyances from Josiah Wallace to defendants. Defendant showed no deed connecting his claim with the Allison grant. There was evidence tending to show possession of defendants, or those under whom they claimed, of this ten acres, asserting ownership under these deeds from January, 1903, to January, 1906. There was also evidence to show that defendant, or his predecessors, at some time prior to this period, had a boiler and engine on this ten acres for the purpose of pumping water through pipes to a sawmill situated on an adjoining tract, but neither the time nor the duration of this last occupation is disclosed in the record.

Upon this, the testimony chiefly pertinent, his Honor, without objection noted, submitted the issue of plaintiff's title on the evidence, and charged the jury that if this were established, evidence of adverse occupation by defendant from 1903 to 1906 was not sufficient to mature title in defendant's favor, the law requiring seven years under color for that result.

Objection is also made for that his Honor charged the jury that maintaining a boiler on the land and pumping water therefrom would not constitute adverse possession of a kind to mature title, same not being sufficiently notorious. On the record, the objection as stated is not available to appellant, as it is nowhere made to appear when this occupation commenced, nor how long continued. There is a presumption against error, and if this instruction is erroneous the evidence concerning it is too indefinite to enable the Court to say that any harm has been wrought by the ruling.

The objections to the decisions of the court on questions of evidence are without merit. Some of them could have had no possible effect on the results of the trial, and in others the objection is to the question, and the answer of the witness not being suggested or made to appear, the Court is unable to determine the significance of his Honor's ruling or allow the same for error. On the record the judgment for plaintiff is affirmed.

No error.